UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JULIA P. FLOYD | CIVIL ACTION |
| VERSUS | 23-1667-SDD-RLB |
| MURPHY OIL USA, INC. | |

**RULING**

This matter is before the Court on the Motion for Summary Judgment[1] filed by Murphy Oil, USA, Inc. ("Murphy" or "Defendant"). Plaintiff Julia P. Floyd ("Plaintiff" or "Floyd") filed an opposition,[2] to which Murphy filed a reply.[3] The Court has considered the law, arguments, and submissions of the parties and is prepared to rule. For the following reasons, Murphy's motion is denied.

**I.    BACKGROUND**

Plaintiff alleges that on December 17, 2022, she tripped on uneven concrete in the Murphy gas station parking lot located at 30 South Airline Highway, Gonzales, Louisiana. She describes the deviated concrete as a "corner" where "two pieces of . . . concrete meet[,]" with one piece "a lot lower than the other pieces around it."[4] Plaintiff sustained personal injuries[5] and filed suit against Murphy in the 23rd Judicial District Court for the Parish of Ascension, Louisiana, asserting negligence.[6] Murphy removed suit to this Court

---

[1] Rec. Doc. 11.
[2] Rec. Doc. 12.
[3] Rec. Doc. 13.
[4] Rec. Doc. 11-4, pp. 67–68.
[5] *Id.* at pp. 8, 12.
[6] *See* Rec. Doc. 1-2, p. 3.

on December 14, 2023,[7] and now moves for summary judgment, arguing that "Plaintiff cannot prove each essential element of her claim."[8]

## II. SUMMARY JUDGMENT STANDARD

In reviewing a party's motion for summary judgment, the Court will grant the motion if (1) there is no genuine issue of material fact, and (2) the mover is entitled to judgment as a matter of law.[9] This determination is made "in the light most favorable to the opposing party."[10] A party moving for summary judgment "'must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.'"[11] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[12] However, the non-moving party's burden "'is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"[13]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[14] All reasonable factual inferences are drawn in favor of the nonmoving party.[15] However, "[t]he Court has no duty

---

[7] Rec. Doc. 1.
[8] Rec. Doc. 11-2, p. 5.
[9] FED. R. CIV. P. 56(a).
[10] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); 6 V. MOORE, FEDERAL PRACTICE 56.15(3) (2d ed. 1966)).
[11] *Guerin v. Pointe Coupee Par. Nursing Home*, 246 F. Supp. 2d 488, 494 (M.D. La. 2003) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986)).
[12] *Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[13] *Willis v. Roche Biomedical Lab., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little*, 37 F.3d at 1075).
[14] *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
[15] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[16] "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiffs [can]not rest on his allegations . . . to get to a jury without "any significant probative evidence tending to support the complaint."'"[17]

### III. LAW AND ANALYSIS

#### A. Discovery Dispute

In her opposition, Plaintiff argues that Defendant provided evasive discovery responses.[18] She seeks an extension of the December 15, 2024 discovery deadline and further contends that "it would be patently unfair to grant Defendant a summary judgment before Defendant has answered Plaintiff's discovery that directly relate to the factual issues presented."[19] This discovery dispute is not properly before the Court because it was raised in an opposition to a motion for summary judgment as opposed to a motion to compel. The Court will thus proceed with its summary judgment analysis and will address discovery disputes if a subsequent motion to compel is filed.

#### B. Louisiana's Merchant Liability Statute in General

In this diversity case, state substantive law controls.[20] "Louisiana's Merchant Liability Statute, La. R.S. [§] 9:2800.6, [ ] governs negligence claims arising from a fall due to a condition on a merchant's premises."[21] The statute provides that "[a] merchant

---

[16] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[17] *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[18] Rec. Doc. 12, p. 9.
[19] *Id.* at p. 18.
[20] *Erie R. Co. v. Thompkins*, 304 U.S. 64 (1938).
[21] *Expose v. Rouses Enters., LLC*, 2023-0587 (La. Ct. App. 4 Cir. 5/7/24), 2024 WL 2012326, at *3.

owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage."[22] The statute also specifies the requirements for a merchant liability claim as follows:

> (B) In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action,[23] all of the following:
>
> > (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> > (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> > (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[24]

Louisiana Revised Statutes § 9:2800.6 is applicable to Plaintiff's claim because the alleged injury occurred on Murphy's premises. Though Plaintiff argues that La. Civ. Code art. 2317.1 should instead apply because her trip and fall occurred in a parking lot as opposed to "an aisle, passageway, or floor, as required by [La. R.S. § 9:2800.6,]"[25]

---

[22] La. R.S. § 9:2800.6(A).
[23] "Though there is some overlapping, these remaining elements are duty, breach, cause in fact, risk and harm within the scope of duty, and actual damages." *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So. 2d 1081, 1084.
[24] La. R.S. § 9:2800.6(B).
[25] *See* Rec. Doc. 12, p. 27.

Louisiana courts routinely apply La. R.S. § 9:2800.6 in the parking lot context.[26] Further, "Louisiana courts, as well as sister federal district courts interpreting Louisiana law, have held that La. R.S. § 9:2800.6 governs a cause of action against merchants for a fall on the premises—to the exclusion of [article] 2317.1."[27] Accordingly, La. § R.S. 9:2800.6 governs this action, not La. Civ. Code art. 2317.1.

### C. Unreasonable Risk of Harm

Murphy argues that it is entitled to summary judgment because "Plaintiff cannot prove each essential element of her claim."[28] However, Murphy centers its motion around the deviated concrete not being an unreasonable risk of harm. It presents no argument as to the second and third elements of the Merchant Liability Statute.

The mere fact that an accident occurred does not establish that a condition was unreasonably dangerous.[29] To determine whether a condition presents an unreasonable risk of harm, courts "must decide whether the social value and utility of the hazard outweigh, and thus justify, its potential harm to others[.]"[30] In making this determination, Louisiana courts apply a risk-utility balancing test consisting of four factors: "(1) the utility

---

[26] *See Davis v. Cheema, Inc.*, 2014-1316 (La. Ct. App. 4 Cir. 5/22/15), 171 So. 3d 984, 988 (We, and other all Louisiana circuit courts, have applied the Merchant Liability Statute, in final and summary judgment contexts, to the facts of slip and fall accidents occurring in both merchant and gas station parking lots.) (citing *Finley v. Racetrac Petroleum, Inc.,* 48,923 (La. Ct. App. 2 Cir. 4/9/14), 137 So. 3d 193 (slip and fall accident caused by foreign substance on gas station's parking lot); *Cline v. Cheema,* 11–1029 (La. Ct. App. 4 Cir. 2/22/12), 85 So. 3d 260 (trip and fall accident occurring on defect in premises of gas station's parking lot); *Glass v. Home Depot U.S.A., Inc.,* 10–53 (La. Ct. App. 5 Cir. 9/28/10), 50 So. 3d 832 (slip and fall accident caused by foreign substance on merchant's parking lot); *Rodriguez v. Wal–Mart Stores, Inc.,* 02–0104 (La. Ct. App. 3 Cir. 6/5/02), 820 So. 2d 1190 (slip and fall accident caused by foreign substance on merchant's parking lot); *McCrea v. Petroleum, Inc.,* 96–1962 (La. Ct. App. 1 Cir. 12/29/97), 705 So. 2d 787 (slip and fall accident caused by foreign substance on gas station's parking lot)).
[27] *Guidry v. Murphy Oil USA, Inc.*, No. 14-00223, 2015 WL 5177569, at *4 (M.D. La. Sept. 3, 2015) (citing *Gruver v. Kroger Co.,* 10-689 (La. Ct. App. 3 Cir. 2/2/11), 54 So. 3d 1249, 1252 n.3; *Gray v. Wal–Mart La., LLC,* No. 09-1523, 2011 WL 4551460, at *2 (W.D. La. Sept. 29, 2011)).
[28] Rec. Doc. 11-2, p. 5.
[29] *Griffin v. Wal-Mart La., L.L.C.*, No. 14-110, 2015 WL 4162905, at *4 (M.D. La. July 9, 2015) (citing *Durmon v. Billings,* 873 So. 2d 872, 876 (2nd Cir. 2004)).
[30] *Latour v. Steamboats, LLC*, 2023-00027 (La. 10/20/23), 371 So. 3d 1026, 1035 (quoting *Reed v. Wal-Mart Stores, Inc.*, 97-1174 (La. 3/4/98), 708 So. 2d 362, 365).

of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature."[31] "The second prong of this risk-utility inquiry focuses on whether the allegedly dangerous or defective condition is obvious and apparent."[32] "[A] defendant generally does not have a duty to protect against an obvious and apparent hazard."[33] "In order for an alleged hazard to be obvious and apparent, the hazard should be one that is 'open and obvious to everyone who may potentially encounter it.'"[34]

Dangerousness "is not a simple rule of law which can be applied mechanically to the facts of the case."[35] "[W]hether a defect presents an unreasonable risk of harm 'is a disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts.'"[36] However, "Louisiana jurisprudence does not preclude the granting of a motion for summary judgment in cases 'where the plaintiff is unable to produce factual support for his or her claim that a complained-of condition or thing is unreasonably dangerous.'"[37] "Rather, in such a procedural posture, the court's obligation is to decide if there is a genuine issue of material fact as to whether the complained-of condition or thing created an unreasonable risk of harm."[38]

---

[31] *Id.* at 1036 (citing *Farrell v. Circle K Stores, Inc.*, 2022-00849 (La. 3/17/23), 359 So. 3d 467, 474).
[32] *James v. Hilton New Orleans Corp.*, No. 14-2763, 2015 WL 4606060, at *3 (E.D. La. July 30, 2015) (citing *Bufkin v. Felipe's La., LLC,* No. 14–0288, 2014 WL 5394087, at *4 (La. Oct. 15, 2014)).
[33] *Id.* (citing *Bufkin,* 2014 WL 5394087, at *4; *Broussard v. State ex rel. Off. of State Bldgs.*, 2012-1238 (La. 4/5/13), 113 So. 3d 175, 184).
[34] *Id.* (citing *Bufkin,* 2014 WL 5394087, at *4; *Broussard*, 113 So. 3d at 184).
[35] *Reed*, 708 So. 2d at 364 (citing *Oster v. Dep't of Transp. and Dev.*, 582 So. 2d 1285, 1288 (La.1991)).
[36] *Id.* (quoting *Tillman v. Johnson,* 612 So. 2d 70, 70 (La. 1993)).
[37] *James*, 2015 WL 4606060, at *4 (citing *Bufkin,* 2014 WL 5394087, at *7).
[38] *Id.* (cleaned up) (internal quotations and citations omitted).

The Court finds that there are genuine issues of material fact that preclude summary judgment. When asked in her deposition how deep the deviation in the concrete was, Plaintiff testified: "I don't know, two inches, three inches, something like that. Deep enough for my whole toes to go in it and have some left over. I don't know how big your foot is at that point."[39] Murphy submitted photos of measurements of the deviation[40] and asserts that the deviation was approximately 1.5 inches in depth.[41] Most of Murphy's photos support this assertion, but, as Plaintiff notes in her opposition,[42] one photo suggests that the deviation was approximately 2 inches in depth.[43]

Plaintiff submitted her own photos of measurements of the deviation as well.[44] Her photos suggest that the deviation was approximately 2 inches in depth.[45] She also submitted a photo of an adult whose tennis shoe was fully submerged in the cornered deviation,[46] which aligns with Plaintiff's deposition testimony that the deviation was "[d]eep enough for [one's] whole toes to go in it and have some left over."[47] After considering these photos, Plaintiff's expert Nicholas Musso ("Musso") issued a written report.[48] He found that the difference in level on both the left and right sides of the deviation was greater than 1.5 inches.[49] Musso also attests in his affidavit that "[i]t is [his]

---

[39] Rec. Doc. 11-4, p. 69.
[40] Rec. Doc. 11-6, pp. 19–21.
[41] Rec. Doc. 11-1, ¶ 10.
[42] Rec. Doc. 12, p. 21.
[43] Rec. Doc. 11-6, p. 25.
[44] Rec. Doc. 12-6.
[45] *Id.* at pp. 2–3.
[46] *Id.* at p. 4.
[47] Rec. Doc. 11-4, pp. 69.
[48] Rec. Doc. 12-4.
[49] *Id.* at p. 5.

professional opinion that this deviation in the pavement . . . is a deviation of over 1.5 inches . . . ."[50]

When viewing the foregoing in a light most favorable to Plaintiff as the nonmovant,[51] the Court finds that these factual disputes are material to determining dangerousness. Here, the jury must decide whether the cornered deviation was over 1.5 inches according to Plaintiff's expert, between 1.5 and 2 inches as suggested by photo measurements, or deep enough to submerge an adult-sized foot per Plaintiff's photos and deposition testimony. This factual determination is pertinent to balancing risk and utility, particularly with respect to likelihood and magnitude of harm, including the obviousness and apparentness of the condition. The Court notes that prior courts have found 1 to 2-inch deviations to not be unreasonably dangerous.[52] However, "[b]ecause of the plethora of factual questions and other considerations involved, the issue necessarily must be resolved on a case-by-case basis."[53] Accordingly, Murphy's Motion for Summary Judgement[54] is denied.

---

[50] Rec. Doc. 12, ¶ 12.
[51] *Adickes*, 398 U.S. at 157.
[52] *See, e.g.*, *Buchanan v. Wal-Mart Stores, Inc*, 834 F. App'x 58, 62–63 (5th Cir. 2020) (citing *Chambers v. Vill. of Moreauville*, 85 So. 3d 593, 598 (La. 1/24/12) ("Louisiana jurisprudence has consistently held that a one-and-one half inch deviation does not generally present an unreasonable risk of harm."); *Reed*, 708 So. 2d at 365–66 (height variance of one-fourth to one-half inch between concrete blocks in parking lot did not present an unreasonable risk of harm); *Boyle v. Bd. of Sup'rs, La. State Univ.*, 685 So. 2d 1080, 1082–84 (La. 1/14/97) (depression of up to one inch in a sidewalk did not pose unreasonable risk of harm); *Leonard v. Par. of Jefferson*, 902 So. 2d 502, 505 (La. Ct. App. 5 Cir. 4/26/05) (sidewalk height differential of one inch to one-and-one-third inch did not present unreasonable risk of harm); *White v. City of Alexandria*, 43 So. 2d 618, 619–20 (La. 1949) (variance of one-half to two inches on a sidewalk did not present unforeseeable risk of harm)).
[53] *Reed*, 708 So. 2d at 364.
[54] Rec. Doc. 11.

### IV.     CONCLUSION

For the foregoing reasons, Defendant Murphy Oil USA, Inc.'s Motion for Summary Judgment[55] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 17th day of July, 2025.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[55] *Id.*