UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JULIA P. FLOYD | CIVIL ACTION |
| VERSUS | 23-1667-SDD-RLB |
| MURPHY OIL USA, INC. | |

**RULING**

This matter is before the Court on the Motion to Certify Interlocutory Order for Appeal[1] filed by Murphy Oil, USA, Inc. ("Murphy" or "Defendant"). Plaintiff Julia P. Floyd ("Plaintiff" or "Floyd") does not oppose the motion. The Court has considered the law, arguments, and submissions of the parties and is prepared to rule. For the following reasons, Murphy's motion is denied.

**I.    BACKGROUND**

Plaintiff alleges that on December 17, 2022, she tripped on uneven concrete in the Murphy gas station parking lot located at 30 South Airline Highway, Gonzales, Louisiana. She describes the deviated concrete as a "corner" where "two pieces of . . . concrete m[e]et[,]" with one piece "a lot lower than the other pieces around it."[2] Plaintiff sustained personal injuries[3] and filed suit against Murphy in the 23rd Judicial District Court for the Parish of Ascension, Louisiana, asserting negligence.[4] Murphy removed suit to this Court on December 14, 2023,[5] and moved for summary judgment, arguing that "Plaintiff [could

---

[1] Rec. Doc. 39.
[2] Rec. Doc. 11-4, pp. 67–68.
[3] *Id.* at pp. 8, 12.
[4] *See* Rec. Doc. 1-2, p. 3.
[5] Rec. Doc. 1.

not] prove each essential element of her claim."[6] The Court denied Murphy's Motion for Summary Judgment on July 17, 2025.[7] Murphy now moves the Court to certify its interlocutory order denying Murphy's Motion for Summary Judgement for immediate appeal.

## II. LAW AND ANALYSIS

Certification of an interlocutory appeal under section 1292(b) is appropriate only when: (1) the order from which the appeal is taken involves a "controlling question of law"; (2) there is "substantial ground for difference of opinion" concerning the issue; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."[8] A district court cannot certify an order for interlocutory appeal unless all three criteria are present.[9] Permitting interlocutory appeals is within the district court's sound discretion.[10] When a district court certifies an appeal under section 1292(b), the court of appeals must still determine that the certification requirements have been met.[11] Additionally, the Fifth Circuit cautions that interlocutory appeals are "exceptional," and "assuredly do[ ] not lie simply to determine the correctness" of an order.[12]

The Court finds that Defendant's motion fails as to the first requirement. Defendant's main argument is that unreasonable risk of harm as applied to this case is a *de facto* issue of law that the Court got wrong. It argues that "Louisiana courts have routinely agreed that a 1-to-2-inch variance does not present an unreasonable risk of

---

[6] Rec. Doc. 11-2, p. 5.
[7] Rec. Doc. 37.
[8] 28 U.S.C. § 1292(b).
[9] *See Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981) ("Section 1292(b) sets out three criteria all of which must be met before the district court may properly certify an interlocutory order for appeal").
[10] *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995).
[11] *See Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 399 (5th Cir. 2010) (en banc).
[12] *Clark-Dietz & Associates-Engineers, Inc. v. Basic Construction Co.*, 702 F.2d 67, 67–69 (5th Cir. 1983).

harm, and the U.S. Fifth Circuit has repeatedly upheld the application of this '*objective standard*.'"[13] However, the basis of the Court denying summary judgment was that there were factual issues as to how deep the cornered deviation was. While the Court did note that "prior courts have found 1 to 2-inch deviations to not be unreasonably dangerous[,]"[14] the Court did not make a factual determination that the deviation was between 1 to 2 inches. Rather, the Court found that "the jury must decide whether the cornered deviation was over 1.5 inches according to Plaintiff's expert, between 1.5 and 2 inches as suggested by photo measurements, or deep enough to submerge an adult-sized foot per Plaintiff's photos and deposition testimony."[15] As such, Defendant's motion concerns an issue of fact, not "a controlling question of law."[16] Accordingly, Defendant's motion is denied.

### III.   CONCLUSION

For foregoing reasons, the Motion to Certify Interlocutory Order for Appeal[17] filed by Murphy Oil, USA, Inc. is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 15th day of October, 2025.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[13] Rec. Doc. 39-1, p. 5.
[14] Rec. Doc. 37, p. 8.
[15] *Id.*
[16] 28 U.S.C. § 1292(b).
[17] Rec. Doc. 39.